**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4389**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANIEL PULLEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:15-cr-00372-TMC-1)

_____

Submitted: January 26, 2017      Decided: February 7, 2017

_____

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Pulley pled guilty, without a plea agreement, to possession with intent to distribute cocaine base and distribution of cocaine base. The district court sentenced him to 151 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pulley's sentence is reasonable. Pulley was advised of his right to file a supplemental brief, but he has not done so. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. Only after determining that a sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any

2

sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no procedural sentencing errors, and we conclude that Pulley has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pulley, in writing, of his right to petition the Supreme Court of the United States for further review. If Pulley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pulley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3